Eric WILLIAMS, Petitioner,

v.

**DEPARTMENT OF THE NAVY, Respondent.**

No. 04–3007.

United States Court of Appeals, Federal Circuit.

DECIDED: March 9, 2004.

Before SCHALL, DYK, and PROST, Circuit Judges.

PER CURIAM.

Eric Williams, proceeding *pro se,* appeals from a decision of the Merit Systems Protection Board ("MSPB" or "Board") that denied his claim for relief under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). *Williams v. Dep't of Navy,* 94 M.S.P.R. 206 (M.S.P.B.2003). Williams alleged in his complaint that his military service was a motivating or substantial factor in the Department of Navy's failure to hire him for any one of the three accountant positions for which he had applied. In the initial decision of the administrative judge, he dismissed Williams's complaint for lack of jurisdiction. On appeal to the full Board, the MSPB reversed the administrative judge and held that jurisdiction existed to entertain Williams's complaint. The MSPB, nevertheless, dismissed Williams's complaint on the merits for failure to produce sufficient evidence that his military service was at least a motivating or substantial factor in the Navy's alleged adverse employment action. For the reasons discussed in this opinion, we *affirm.* We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

BACKGROUND

On May 17, 2002, Williams filed a USERRA appeal, challenging the Navy's failure to hire him for any one of the three accountant positions for which he had applied. Williams claimed that the Navy improperly rated his eligibility and, despite his favored status as a disabled veteran, hired a non-veteran. The administrative judge, in an Acknowledgment Order dated May 22, 2002, informed Williams that if his "appeal is timely filed, and within the Board's jurisdiction, [he] ha[s] the right to a hearing on the merits of [his] case." The Acknowledgment Order stated that if Williams had not yet requested a hearing on the merits, he had ten days from the date of that Order to file a written request for one. The Acknowledgment Order warned Williams that failure to timely request such a hearing would waive his right to one, and that he would be given, instead, an opportunity to make written submissions. Williams never submitted a request for a hearing on the merits. The Order further notified Williams that if he wished to engage in discovery, initial requests or motions must be made within 25 days of the date of the Order.

On May 24, 2002, the administrative judge issued an Order to Williams to submit evidence and argument explaining why the Board has jurisdiction over his complaint. The May 24, 2002 Order gave Williams 10 days from the date of that Order to make his submissions. On May 28, 2002, Williams filed a letter alleging that he was "informed the hiring agency did not want to hire veterans, because in time of downsizing[,] veterans would be the lasts [sic] to be let go." In response,

the administrative judge directed Williams in a June 3, 2002 Order to identify the name of the person who had informed him of this allegation, the agency for whom that person worked, and the person's official position title. Williams submitted a news article from the Federal Times describing complaints by veterans groups that the civil service system has a "long standing bias against hiring veterans." In the accompanying letter, Williams incorrectly attributed the article's observation that veterans are not given a fair chance at government jobs to Kay Coles James, director of the Office of Personnel and Management.

The administrative judge found that the comments in the Federal Times article had little or no relevance because they were not specific to Williams situation or even directed to the Navy. The judge dismissed Williams's complaint on June 26, 2002 for lack of jurisdiction because he had failed to make a non-frivolous allegation that the Navy's decision not to hire him was because of his military service, in violation of USERRA.

In his petition for review by the full Board of the administrative judge's dismissal, Williams claimed that the judge had erred by failing to request certain information from the Navy that he felt was necessary to prove his USERRA claim. Williams asserts that he had asked the Navy for this information, but the Navy had yet to comply with his alleged discovery request. The MSPB held that Williams's allegations were sufficient to establish its jurisdiction to consider his complaint. On consideration of the merits, however, the MSPB held that Williams failed to provide sufficient evidence to show by a preponderance of evidence that his military service was a substantial or motivating factor in the decision by the Navy not to hire him. The MSPB therefore dismissed his complaint on the merits.

## DISCUSSION

### I. Standard of Review

■ The MSPB's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation, or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Yates v. MSPB*, 145 F.3d 1480, 1483 (Fed.Cir.1998). Under this standard of review, we must accept the MSPB's factual determinations if supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brewer v. United States Postal Serv.*, 227 Ct.Cl. 276, 647 F.2d 1093, 1096 (1981).

### II. Analysis

Williams contends that the MSPB erroneously dismissed his complaint on the merits. It appears that Williams contends his case was prematurely dismissed on the merits because he allegedly "was never given an opportunity to engage in a discovery period." In the alternative, Williams contends that there was more than sufficient evidence before the MSPB to meet his initial burden of proof.

Contrary to Williams's first contention, Williams had, pursuant to the administrative judge's May 22, 2002 Order, until June 17, 2002 to submit requests for discovery. The administrative judge plainly gave Williams an opportunity to engage in discovery. The administrative judge dismissed Williams's complaint on June 26, 2002, after the period to initiate discovery had closed, and thus Williams may not be heard to complain that his right to commence discovery was compromised or curtailed by the dismissal. Moreover, Williams made this same claim before the MSPB and it found nothing in the record to support his claim that he had timely initiated discovery. Williams cites no rec-

ord evidence here to dispute the MSPB's determination. We find no reason to disturb the MSPB's determination and conclude that Williams's first contention is without merit.

■ As to Williams's second contention, the MSPB found the only evidence submitted were notices from the Navy initially finding him qualified for the positions, and other later notices, informing him that he was unqualified for any of the positions because he failed to meet the education and/or experience requirements at the time he applied. The MSPB found these notices alone could not support Williams's claim of discriminatory treatment based on his military service status. In addition, the MSPB noted that the only other evidence submitted was the news article from the Federal Times, describing the complaint by veterans groups of hiring biases against veterans. Williams submitted no evidence regarding the qualifications of the non-veterans that the Navy allegedly hired. Given the lack of evidence submitted by Williams to demonstrate, by a preponderance of evidence, the Navy's discriminatory animus against him on the basis of his status as a veteran, we find no error in the MSPB's dismissal of his complaint. *See Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1013 (Fed.Cir.2001) ("an employee making a USERRA claim of discrimination ... bear[s] the initial burden of showing by a preponderance of the evidence that the employee's military service was 'a substantial or motivating factor' in the adverse employment action").

## CONCLUSION

For the foregoing reasons, we affirm the MSPB's decision.