# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LILLIE M. MIDDLEBROOKS,
 Appellant,

v.

OFFICE OF PERSONNEL
 MANAGEMENT,
 Agency.

DOCKET NUMBER
PH-3330-13-0191-I-2

DATE: September 30, 2014

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lillie M. Middlebrooks, Fairfax, Virginia, pro se.

Joyce B. Harris-Tounkara, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her Veterans Employment Opportunities Act of 1998 (VEOA) claim for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. For the reasons set forth below, we VACATE the initial decision's finding that the Board lacks jurisdiction over this appeal and DENY the appellant's request for corrective action.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant applied to the position of Legal Assistant, Office Automation (Vacancy Announcement # PH-12-PG-641655) at the Department of Justice (DOJ). Refiled Appeal File (RAF), Tab 5, Subtab 2i. The agency adjudicated the appellant's veterans' preference with respect to the application and found that she was entitled to a 10-point veterans' preference. *Id*., Subtab 2c. The agency found that the appellant was not eligible for the position to which she applied. *Id*., Subtab 2k. In response, the appellant filed a complaint with the Department of Labor (DOL). DOL conducted an investigation and concluded that the appellant's veterans' preference had been properly adjudicated. *Id*., Subtab 2n. DOL therefore closed its investigation and notified the appellant of her Board appeal rights.[2] *Id*.

---

[2] The appellant has filed this appeal against the Office of Personnel Management (OPM) and not against DOJ. OPM, as opposed to DOJ, adjudicated the appellant's

¶3 The appellant filed a Board appeal alleging that the agency had violated her veterans' preference rights when it failed to put her on the eligible list at the GS-05, GS-06, GS-07, and GS-08 levels. Initial Appeal File (IAF), Tab 1 at 5. She also alleged that the agency failed to credit her with the experience she gained in the military and in paralegal school. *Id*. at 5-6. The agency responded that the appeal should be dismissed because the appellant failed to demonstrate that she was minimally qualified for the position at the GS-08 level and she had not submitted an application for the position at any lower grade. RAF, Tab 5, Subtab 1 at 4-6.

¶4 In her initial decision, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant had failed to nonfrivolously allege that the agency violated her veterans' preference rights. RAF, Tab 6, Initial Decision (ID). She found that the agency had adjudicated the appellant's veterans' preference properly but that the appellant was found not minimally qualified for the position for which she applied. *Id.* at 3-5.

¶5 On petition for review, the appellant alleges that her experience as a party in a variety of litigation renders her qualified for the position to which she applied.[3] Petition for Review (PFR) File, Tab 1 at 5, 11-47. In support of this argument, she has included associated records. *Id*. We do not consider this evidence because the appellant has not shown that it was unavailable before the record was closed despite her due diligence. *See Davis v. Department of*

---

veterans' preference and determined that she was not eligible for the position. *See* RAF, Tab 5, Subtabs 2c, 2k. Additionally, DOL investigated the claim through contact with a representative from OPM. *Id*., Subtabs 2l, 2m. After the investigation, DOL also sent a closeout letter to the appellant stating that it had determined that the evidence did not support her allegation that DOJ violated her veterans' preference. However, DOL sent notification of this closeout letter to OPM. *Id*., Subtab 2n.

[3] The appellant argues for the first time on petition for review that her appeal includes a claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA) and that the administrative judge failed to adjudicate her claim. PFR File, Tab 1 at 8. We FORWARD this claim to the regional office for docketing as a new USERRA appeal.

*Commerce*, [120 M.S.P.R. 34](), ¶ 16 (2013); [5 C.F.R. § 1201.115](). The appellant also argues that she is entitled to a hearing and to conduct discovery with respect to her claim.[4]  PFR File, Tab 1 at 4.

¶6  The record shows that the appellant exhausted her remedy with DOL, that she is a preference eligible, and that the nonselection took place after October 30, 1998.  RAF, Tab 5, Subtabs 2c, 2i, 2l-2n.  Therefore, the only remaining jurisdictional inquiry is whether the appellant nonfrivolously alleged that the agency violated her rights under a statute or regulation related to veterans' preference.  *See Miller v. Federal Deposit Insurance Corporation*, [121 M.S.P.R. 88](), ¶ 6 (2014).  An appellant need not state a claim upon which relief can be granted in order to establish jurisdiction.  *Id*.  Instead, an appellant's allegation, in general terms, that her veterans' preference rights were violated is sufficient to meet the nonfrivolous allegation requirement.  *Id*.

¶7  We find that the appellant has nonfrivously alleged that the agency violated her veterans' preference rights. The vacancy announcement stated that veterans' preference would be considered in the selection.  RAF, Tab 5, Subtab 2e.  The appellant argued that the agency violated her veterans' preference rights when it failed to place her at the top of the list for the position to which she applied and for which she argued that she was qualified.  IAF, Tab 1 at 1-9.  Therefore, the Board has jurisdiction.  *Miller*, [121 M.S.P.R. 88](), ¶ 7.

¶8  Once jurisdiction is established, to prevail on the merits, the appellant must prove the elements of her VEOA claim by preponderant evidence.  *Isabella v.*

---

[4] In her reply to the agency's response, the appellant has alleged that the agency's response was untimely and should therefore not be considered.  PFR File, Tab 4 at 1. The agency was required to file its response to the petition for review on or before June 21, 2014.  *Id.*, Tab 2.  Under [5 C.F.R. § 1201.23](), if the date that ordinarily would be the last day for filing falls on a Saturday, Sunday, or federal holiday, the filing period will include the first workday after that date.  Accordingly, because June 21, 2014, was a Saturday, the agency's response was timely filed on Monday, June 23, 2014.  However, we find that neither the agency's response nor the appellant's reply affects our disposition in this case.

*Department of State*, [106 M.S.P.R. 333](), ¶¶ 21-22 (2007), *aff'd*, [109 M.S.P.R. 453]() (2008). The Board has the authority to decide the merits of a VEOA appeal without a hearing if there is no genuine dispute of material fact and one party must prevail as a matter of law. *Haasz v. Department of Veterans Affairs*, [108 M.S.P.R. 349](), ¶ 9 (2008).

¶9 Although the appellant has alleged that the agency did not adjudicate her 10-point veterans' preference, it is clear that the agency did indeed find her entitled to a 10-point veterans' preference. RAF, Tab 5, Subtab 2c. The appellant argued that she was qualified for the GS-08 position based upon her military experience, experience with organizational activities, and her paralegal training. IAF, Tab 1 at 5. However, the agency found that the appellant had not demonstrated that she was qualified for the GS-08 position for which she applied because the position required at least 1 year of experience equivalent to the GS-07 level; education could not be substituted for experience. RAF, Tab 5, Subtabs 2k, 2m.

¶10 A preference eligible is entitled to credit for experience gained in religious, civic, welfare, service, and organizational activities, regardless of whether pay was received therefore. *Lazaro v. Department of Veterans Affairs*, [666 F.3d 1316](), 1318-19 (Fed. Cir. 2012). The Board has jurisdiction to determine whether an agency properly considered all such experience in determining that a preference eligible was not qualified for the position at issue. *Id*. However, the Board will not engage in a fact-based review of how an agency weighed and assessed a preference-eligible's experiences. *Miller*, [121 M.S.P.R. 88](), ¶ 12.

¶11 We find that the agency considered the appellant's experience in determining whether she was qualified for the position. However, her prior experience involved military nursing. RAF, Tab 5, Subtab 2g. Additionally, without addressing the appellant's argument that her paralegal training involved creditable experience, it is clear from her application that she began the program in August 2011 and had not been in the program for a year at the time of her

application in June 2012.  *Id.*  We therefore find no reason to disturb the agency's determination that the appellant did not possess the requisite 1 year of experience.[5]  *See Miller*, 121 M.S.P.R. 88, ¶ 14.  We find that the appellant's nonselection provides no basis for relief under VEOA because she was not qualified for the position to which she applied.  *See Dale*, 102 M.S.P.R. 646, ¶ 13 (VEOA does not provide that veterans will be considered for positions for which they are not qualified).

¶12        With regard to the appellant's arguments concerning her inability to conduct discovery, it is clear that the administrative judge informed her of discovery procedures in the acknowledgment order.  IAF, Tab 2 at 4.  However, the appellant failed to file a motion to compel discovery, and we find no error or abuse of the administrative judge's broad discretion to control proceedings.  *See Williams v. Department of the Navy*, 94 M.S.P.R. 206, ¶ 5 n.4 (2003) (the administrative judge did not deny the appellant discovery where the appellant failed to follow the discovery regulations or file a motion to compel with the administrative judge), *aff'd*, 89 F. App'x 724 (Fed. Cir. 2004).  We have considered the appellant's remaining arguments; however, we do not find a basis upon which to grant her petition for review.  In our discretion, we dispose of the appeal without holding the hearing requested by the appellant because there is no genuine dispute of material fact and she is not entitled to relief as a matter of law.  *See Haasz*, 108 M.S.P.R. 349, ¶ 10.

---

[5]  We do not address the appellant's complaint that she was not placed on the certification for each grade, GS-05, GS-06, and GS-07, because she does not dispute that she applied only for the GS-08 position.  RAF, Tab 5, Subtabs 2i, 2k; *see Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 13 (2006).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____

                                                             William D. Spencer
                                                             Clerk of the Board

Washington, D.C.